IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MATTHEW JOHN JENNER,<br>Plaintiff<br><br>v.<br><br>TROOPER GREGORY PIMM, et al.,<br>Defendants | No. 3:23cv1087<br><br>(Judge Munley)<br><br>(Magistrate Judge Camoni) |

## ORDER

Before the court is a report and recommendation ("R&R") from United States Magistrate Judge Sean A. Camoni. (Doc. 82). The R&R recommends that the above action be dismissed pursuant to Federal Rule of Civil Procedure 41(b) due to Plaintiff Matthew John Jenner's failure to prosecute this action and failure to comply with court orders. Id.

Magistrate Judge Camoni issued the R&R on August 18, 2025 and analyzed the factors set forth in Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863 (3d Cir. 1984). (Doc. 82). The Clerk of Court received a letter from Jenner on August 20, 2025, inquiring into the status of his case and advising that his inmate number had changed. (Doc. 83). In response, the Clerk of Court mailed Jenner another copy of the R&R on August 21, 2025. To date, the court has not received any objections from Jenner regarding the R&R, nor any indication that the R&R has not been delivered to him at SCI-Dallas.

Pursuant to the Rules of Court for the Middle District of Pennsylvania, Jenner had fourteen (14) days to object to the R&R. M.D.PA. L.R. 72.3. No objections to the R&R have been filed and the time for such filing passed more than one (1) week ago. In deciding whether to adopt an R&R when no timely objections are filed, the court must determine if a review of the record evidences plain error or manifest injustice. FED. R. CIV. P. 72(b), 1983 Advisory Committee Notes ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record to accept the recommendation"); see also 28 U.S.C. § 636(b)(1); Sullivan v. Cuyler, 723 F.2d 1077, 1085 (3d Cir. 1983).

After review, the court thus finds neither clear error on the face of the record nor a manifest injustice in Magistrate Judge Camoni's analysis of the Poulis factors. In short, defendants filed a motion for summary judgment approximately fifteen (15) months ago and Jenner has never filed a brief in opposition despite several extensions of time to do so.[1] Having reviewed all of the correspondence sent by Jenner to date, there is nothing provided by the

---

[1] Defendants are represented by attorneys from the Pennsylvania Office of Attorney General ("OAG"). On August 21, 2025, the Honorable Matthew J. Brann, Chief Judge issued Standing Order 2025-05 in response to a cyberattack on the OAG's computer network. Standing Order 2025-05 imposes a stay on all civil matters in which an attorney from the OAG's office has entered their appearance until September 22, 2025. Standing Order 2025-05 provides judges with discretion to lift that stay prior to that date. In this case, there are no current obligations or deadlines imposed which would require a response from counsel for defendants. Accordingly, the court will lift the stay in this matter for the purposes of entering this order.

plaintiff that would call the magistrate judge's analysis into question. Therefore, the court will accept the R&R and adopt it in its entirety.

Thus, it is hereby **ORDERED** that:

1) The R&R, (Doc. 82), is **ADOPTED** in its entirety;

2) The above action is **DISMISSED** with prejudice due to Jenner's failure to comply with court orders and his failure to prosecute this case.

3) Defendants' motion for summary judgment, (Doc. 54), is **DISMISSED** as moot; and

4) The Clerk of Court is directed to close this case.

Date: 9/12/25

BY THE COURT:

JUDGE JULIA K. MUNLEY
United States District Court